**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2818-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DARVIN CANNON, a/k/a
DARVIN S. CANNON,

    Defendant-Appellant.

_____

Submitted January 21, 2026 – Decided February 10, 2026

Before Judges Gilson and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 14-02-0107.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Stephen C. Sayer, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Darvin Cannon appeals from a March 12, 2024 order denying his second petition for post-conviction relief (PCR). Because the petition was time-barred, we affirm.

On December 14, 2013, a man armed with a gun went into a store in Bridgeton, threatened two people with the gun, and tried to rob them. Following an investigation, defendant was indicted for four crimes related to the incident: first-degree armed robbery, N.J.S.A. 2C:15-1; first-degree attempted murder, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3(a)(1); second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a); and fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4).

In June 2015, defendant pled guilty to first-degree armed robbery. In the plea agreement, the State agreed to recommend a sentence of fifteen years imprisonment subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The State also agreed to recommend that the remaining charges be dismissed. The following month, in July 2015, defendant was sentenced in accordance with the plea agreement.

Defendant did not file a direct appeal. Instead, he filed a PCR petition. That petition was denied on December 2, 2016. Thereafter, we affirmed the

A-2818-23

denial of the first petition.  State v. Cannon, No. A-2391-16 (App. Div. Apr. 16, 2018).

In October 2020, defendant moved to withdraw his guilty plea.  That motion was denied in January 2021.

On February 28, 2023, defendant filed a second PCR petition.  Defendant contended that his first PCR counsel was ineffective in not challenging trial counsel's failure to argue for certain mitigating factors at sentencing and in not filing a direct appeal.

On March 12, 2024, after hearing oral argument, the second PCR court denied the petition explaining its reason on the record.  The court found that the second PCR petition was time-barred.  That same day, the court entered an order denying the petition.

Defendant now appeals, making one argument:

> THE PCR COURT ERRED IN FINDING THIS PETITION TIME-BARRED.

The Rules of Court and case law state a second PCR petition must be based on one of three limited grounds and must be filed within one year of when those grounds arose.  See R. 3:22-4(b); R. 3:22-12(a)(2); State v. Jackson, 454 N.J. Super. 284, 292-93 (App. Div. 2018).  In that regard, Rule 3:22-12(a)(2) mandates that a second or subsequent PCR petition must be filed within one year

of (1) a new constitutional change that would apply to defendant's convictions; (2) newly discovered facts; or (3) the denial of the first PCR petition, if defendant is claiming ineffective assistance of his or her first PCR counsel. Rule 3:22-12(a)(2) then mandates that "no second or subsequent petition shall be filed more than one year after the latest of" those three limited circumstances. Subsection (b) of that rule states: "These time limitations shall not be relaxed, except as provided herein." R. 3:22-12(b).

We have held that the time-limit set out in Rule 3:22-12(a)(2) must be strictly enforced. Jackson, 454 N.J. Super. at 292; see also State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018) (holding that the time limit applicable to a first petition must also be strictly enforced and cannot be relaxed without a showing of excusable neglect).

Defendant's first PCR petition was denied in December 2016. Accordingly, his second petition, which was filed over six years later in February 2023, was time-barred.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2818-23